Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 6586 | DATE | 12/17/2004 |
| CASE TITLE | Miguel Vergara, et al vs. City of Waukegan, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Accordingly the entire current responsive pleading is stricken, with leave granted to file a full Amended Answer and Ads in this Court's chambers on or before January 3, 2005.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | DEC 20 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 12 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 12/17/2004 date mailed notice | |
| | SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MIGUEL VERGARA, et al.,         )
                                )
        Plaintiffs,              )
                                )
   v.                            )    No. 04 C 6586
                                )
CITY OF WAUKEGAN, et al.,        )
                                )
        Defendants.              )

MEMORANDUM OPINION AND ORDER

All three of the defendants in this multiplaintiff multicount action, advanced principally though not exclusively under the auspices of 42 U.S.C. §1983, have filed their Answer and Affirmative Defenses ("ADs") to the first three counts of plaintiffs' First Amended Complaint ("FAC").[1] Because that responsive pleading is materially at odds with some fundamental principles of federal pleading, this memorandum opinion and order is issued sua sponte to require defense counsel to return to the drawing board.

To begin with, despite the directive contained in the first sentence of Fed. R. Civ. P. ("Rule") 8(b), FAC ¶¶3 and 20-29 have not been answered at all on the premise that allegations of law or conclusions of law need not be answered. Not so--see, e.g., App. ¶2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Indeed, defense counsel have scarcely

---

[1] Defendants have contemporaneously noticed up their motion to dismiss Count IV for presentment on December 23.

been consistent in that respect, having found no difficulty in answering such allegations of law as those contained in FAC ¶¶54, 55, 57, 59 and 60. Answer ¶¶3 and 20-29 are stricken.

Next, the excuse that is given for failing to answer FAC ¶¶39, 40 and 47 is that each of the written documents referred to there "speaks for itself." On that score, see App. ¶3 to State Farm. Moreover, defense counsel compound their noncompliance in that regard by going on to deny the FAC allegations "inconsistent therewith." How, pray tell, is the reader expected to know what portions of the Complaint's allegations are thought by defendants to be "inconsistent" with the documents at issue? Mindreading is not the name of the game--defendants must specify what they consider such flaws to be. Answer ¶¶39, 40 and 47 are also stricken.

Finally, even though defense counsel have commendably conformed to the second sentence of Rule 8(b) as the basis for getting the benefit of deemed disclaimers of many of the Complaint's allegations (thus avoiding an all-too-frequently-encountered error, see App. ¶1 to State Farm), they have regrettably coupled those disclaimers with a denial of the very allegations as to which they have stated defendants lack knowledge or information sufficient to form a belief so as to permit either a denial or an admission. It takes but a moment's thought to recognize that such a combination of a disclaimer with

a denial is oxymoronic. Accordingly the words "and therefore denies same" are stricken from each of Answer ¶¶4, 11-19, 23, 33, 42, 44, 45, 47 and 48.

Because defense counsel, despite the matters referred to here, have obviously been meticulous in devising their responses to the bulk of the FAC's allegations (and have thus avoided the uninformative blanket denials often encountered in responsive pleadings), this Court regrets the need for them to go back to do the job over again. But the alternative of simply calling for an amendment to cure the defects identified here, rather than requiring that a self-contained Amended Answer and ADs be filed, would be to compel the reader to leaf back and forth between two separate responsive pleadings to see just what is and what is not being placed in issue. Accordingly the entire current responsive pleading is stricken, with leave granted to file a full Amended Answer and ADs in this Court's chambers (with a copy of course being transmitted contemporaneously to plaintiffs' counsel) on or before January 3, 2005.

Lastly, because the matters referred to here are obviously ascribable to defense counsel rather than to their clients, no charge is to be made to defendants by their counsel for the added work and expense to be incurred in correcting counsel's errors. Defense counsel are ordered to apprise their clients to that effect by letter, with a copy to be transmitted to this Court's

chambers as an informational matter (not for filing).

*Milton I. Shadur*
Milton I. Shadur
Senior United States District Judge

Date: December 17, 2004