IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIGUEL VERGARA, GUADALUPE LARA, VIRGINIA ADAN, JOSE DE LEON, GENARIA LARA, VICTOR DE LEON, JOSE SURITA, MARGARET CARRASCO, CHRIS BLANKS, and DEBORAH NORMAN,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF WAUKEGAN, and RICHARD HYDE, WILLIAM BIANG, WAYNE MOTLEY, JANE and JOHN DOES, in their individual capacities.<br><br>Defendants. | No. 04 C 6586<br><br>Judge Milton I. Shadur<br><br>Magistrate Judge Susan E. Cox |

## MEMORANDUM OPINION AND ORDER

Susan E. Cox, Magistrate Judge

Plaintiffs' Motion to Compel Regarding Plaintiffs' First Set of Requests for Admissions and Companion Interrogatory and Document Requests [dkt 170] was referred by the District Judge for ruling. [Dkt 161.] For the reasons set out below, that motion is granted in part and denied in part.

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 alleging that the defendants have violated the plaintiffs' First and Fourteenth Amendment rights. The plaintiffs are residents of the City of Waukegan ("the City"), a defendant in this case. Central to this action is the plaintiffs' claim that an ordinance authorizing the City to seize, tow, and impound motor vehicles has been unfairly enforced.

As a final issue in the discovery phase of the litigation, plaintiffs have brought two motions to compel. Many of the issues initially raised in the two motions have been resolved. What remains for the Court are plaintiffs' requests that the Court order defendants: (a) to answer or deem admitted requests for admissions 27-30, 46, 49, 59-60, 67-68, 82-85, 87-88, 97, and 276; (b) to answer interrogatory number 35; and (c) to produce documents responsive to requests 113 and 115.

Initially, pursuant to Federal Rule of Civil Procedure 36, plaintiffs served 283 requests, all but 18 of which have been admitted or denied. As to the remaining 18 requests, defendants have objected to each.

The purpose of requests for admission under Rule 36 "'is not necessarily to obtain information, but to narrow the issues for trial'" that are genuinely contested.[1] A request for admission, except in rare circumstances, should be drafted in a way that it can be answered "yes, no, the answerer does not know, or a very simple direct explanation given as to why he cannot answer, such as in the case of privilege."[2] In other words, the standard for a request for admission is to "phrase direct simple facts that can be admitted or denied without explanation."[3] Rule 36(a) provides in relevant part:

> A party may serve upon any other party a written request for the admission ... of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact... An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is

---

[1] *Martin Marietta Materials, Inc. v. Bedford Reinforced Plastics, Inc.*, 2007 WL 1300772, at *2 (W.D.Pa. May 2, 2007)(citing *Webb v. Westinghouse Elec. Corp.*, 81 F.R.D. 431, 436 (E.D.Pa. 1978)).

[2] *See United Coal Co. v. Powell Constr.Co.*, 839 F.2d 958, 968 (1988).

[3] *Pittway Corp. v. Fyrnetics, Inc.*, No. 91-2978, 1992 WL 12564602, at *14 (N.D. Ill. June 26, 1992).

insufficient to enable the party to admit or deny.[4]

The defendants' responses do not, generally, follow the Rule because they do not comply with the last sentence. A party may, pursuant to the Rule, state the inability to admit or deny a particular request but a party must support such a statement with specific reasons.[5] The plaintiffs' requests for admission, however, also do not consistently follow the Rule because some of the requests are more than "simple facts that can be admitted or denied without explanation."[6] The Court will address each disputed request in turn.

Defendants argue Requests 27, 28, 29 and 30 are improper because the defendants would have to review 530 documents to answer the requests. The Court agrees requests that require reliance on documentation of facts outside the requests themselves are generally considered improper.[7] Usually facts admitted in an answer to a request for admission should be ascertainable by examination of the request and only a certain amount of incorporation by reference, in exceptional circumstances, is allowed.[8] Though these three Requests generally rely on the 530 permit applications, it is evident the defendants would not be required to reference all 530 applications to either admit, deny, say they do not know, or explain why they cannot answer. In their response the defendants refer to a deposition of David Motley, a former event coordinator for the City, who testified that the permit applications do not accurately show whether a particular event was

---

[4]Fed.R.Civ.P. 36(a).

[5]*See Cada v. Costa Line, Inc.*, 95 F.R.D. 346, 347-48 (N.D.Ill. 1982).

[6]*Pittway*, 1992 WL 12564602, at *14.

[7]*See Martin Marietta Materials*, 2007 WL 1300772, at *2.

[8]*Id.*

"organized for the purpose of protesting." Defendants, thus, acknowledge the permit applications themselves do not specify whether the event was "organized for the purpose of protesting." If the permit applications do not provide this information, there is no reason for the defendants to reference the 530 applications to provide an answer. Therefore, the Court overrules the defendants' objections as to these requests and, in line with Rule 36(a), the defendants can either admit, deny, state why they do not know, or provide a direct explanation as to why they cannot answer these requests.

Plaintiffs also dispute the defendants' objections to Requests 46, 49, 59, and 60. Plaintiffs argue the defendants should simply admit these requests and then provide a list of events by referencing information already contained in the defendants' answers to interrogatories 22 and 24. This is exactly what courts have found to be improper form for requests for admission. As previously noted, the statement of the fact itself should be in simple terms so it can be "'denied or admitted with an absolute minimum of explanation or qualification.'"[9] Plaintiffs, in their motion, admit these requests seek to establish a list of particular events for which the City incurred expenses, sponsored or co-sponsored the event, or allowed to take place without the requirement of proof of liability insurance: they are looking for the defendants to specify a list of events, not simply admit or deny a fact. The defendants objections are thus sustained as to requests 46, 49, 59 and 60.

The defendants objected to Requests 67 and 68 arguing they relate to a City employee's state of mind and are improperly seeking to obtain admissions or denials that essentially restate deposition testimony. Requests for admissions that are duplicative of other discovery taken do not serve the purpose of Rule 36(a). If there is no expectation that a request will narrow or eliminate issues for

---

[9] *See United Coal*, 839 F.2d at 968 (citing *Havenfield Corp. v. H & R Block Inc.*, 67 F.R.D. 93, 96 (W.D.Mo. 1973).

trial because a position has already been stated in clear terms at a deposition, the request is improper.[10] The two requests assert a nearly identical point but Request 67 uses the term "wanted" and Request 68 uses the term "expected." Request 67 is thus identical to a question posed to the deponent, which was whether she "wanted" to be kept informed of events.

The deponent answered yes. Request 67 therefore does not serve the purpose of Rule 36(a) because it does not narrow or simplify any issue for trial. The plaintiff can use the statement made at the deposition at trial. Request 68, however, is a different question and plainly calls for an admission as to a matter of opinion. The defendants can make a reasonable effort to acquire the information the plaintiffs are seeking and ask the City's employee directly what she expected.[11] The defendants' objection to Request 67 is therefore sustained but their objection to Request 68 is overruled.

The defendants additionally dispute Requests 82, 83, 84, and 85 claiming they require legal conclusions and use ambiguous language. The plaintiffs aptly point out that the ambiguous language the defendants dispute, the term "delegated" for example, was also used in several other requests that were properly answered by the defendants. Furthermore, admitting or denying whether the City has delegated certain responsibilities pursuant to a particular statute does not constitute a request that seeks a "bald legal conclusion."[12] The disputed requests for admission are very similar to Request 96, which the defendants apparently did not dispute and properly admitted.

---

[10]*See Caruso v. Coleman Co.*, No. 93-6733, 1995 WL 347003, at *2 (E.D.Pa. June 7, 1995)(holding that the requests would not narrow or eliminate issues for trial since the "the defendant's positions on each of the requests [was] explicitly stated in clear and unambiguous terms at the many depositions taken in the case.").

[11]*See Cada*, 95 F.R.D. at 348.

[12]*See Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., Inc.*, 130 F.R.D. 92, 96 (N.D.Ind.1990)(holding that a certain request seeking a "bald legal conclusion" that a patent claim was invalid was improper under Rule 36(a)).

For the same reasons as discussed above, the defendants are ordered to answer Requests 87 and 88. These requests involve whether the City's Chief of Police was responsible for certain duties. Contrary to the defendants' claim, the plaintiffs are not requesting the defendants interpret the Waukegan Code of Ordinances. Either the Chief of Police had certain responsibilities or he did not. The 1970 Amendments to Rule 36 allows requests that involve mixed questions of law and fact, including "an admission that an employee acted in the scope of his employment."[13] The defendants should be able to admit, deny, say they do not know, or explain why they cannot answer such requests. Therefore, the defendants' objections to Requests 82, 83, 84, 85, 87, and 88 are overruled.

Defendants next dispute Request 97 claiming it requires the defendants to interpret the Waukegan Code of Ordinances. Plaintiffs explain that Request 97 simply seeks to determine "whether the old outdoor assembly ordinance ... is one of the 'ordinace[s]' to which Section 2-267 refers." Requesting the City to determine whether a section of the Waukegan Code of Ordinances refers to another, specific ordinance, is a pure legal question. The Court fails to see how this Request is a fact question appropriate for the defendants to answer. Therefore, the plaintiffs' motion is denied as to Request 97.

The plaintiffs also seek an additional response from the defendants as to Request 276. The defendants admitted a portion of this Request, that Jose Zurita approached the microphone. But the defendants responded that they lacked sufficient knowledge to admit or deny the second portion of this request, whether Jose Zurita approached the microphone "to speak to the Waukegan city council." The defendants again argue they cannot know the intentions of an individual so they do not know whether Jose Zurita intended to "speak to the Waukegan city council." Such a response

---

[13] Fed.R.Civ.P. 36.

is insufficient. Statements of inability to admit or deny are allowed but they must be "supported by specific reasons."[14] Admissions as to matters of opinion can be researched or investigated, just as a party proceeds in preparation for trial.[15] The defendants' objection to Request 276 is thus overruled.

Finally, the plaintiffs seek a response to interrogatory 35, which in itself asks the defendants to state every fact, identify every document, and identify every witness which supports the defendants' responses to each request for admission which was not unqualifiedly admitted. This one interrogatory, therefore, seeks a list of information from the defendants on more than 84 of their requests for admission. The plaintiffs note, however, that the defendants have agreed to answer all but 27 of the subparts, or requests for admission that were denied.

It is not uncommon for a party to serve a set of interrogatories that include one or more interrogatories "seeking disclosure of the basis for each response to any request for admission which was not admitted without qualification."[16] The defendants object, however, because this one interrogatory contains multiple subparts. Rule 33(a) provides in part, that "[w]ithout leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts..."[17] Though the defendants present a half-hearted argument that Interrogatory 35 exceeds the limit of 25 established by Rule 33(a), the Court will not further address this issue. The defendants have since agreed to answer most of the 84 subparts and seem to object to answering the remaining 27 only because of an incorrect

---

[14]*Cada*, 95 F.R.D. at 348.

[15]*See Cada*, 95 F.R.D. at 348 (holding that certain admissions as to matters of opinion could be "eked out" by interviewing people and engaging in research, that is in the context of litigation, is preparation for trial).

[16]*Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 442 (C.D.Cal.1998).

[17]Fed.R.Civ.P. 33(a).

understanding of this Court's previous ruling on the defendants' Motion for Protective Order [dkt 142] with respect to Rule 30(b)(6) Responses 15 and 17. The Court explained in its September 18, 2007 Order that Responses 15 and 17 required the defendants to first *admit* that the plaintiffs were treated differently, which made them improper 30(b)(6) Notices. At issue here are certain requests for admission. As with any request for admission, the defendants are free to deny any statement that the plaintiffs were treated differently. Therefore, there is no basis for the defendants' position that Interrogatory 35 should not be answered with respect to Requests 246, 248-271, 273, and 274. Because the defendants have presented no other compelling argument as to why the remaining subparts of Interrogatory 35 should not be answered, the plaintiffs' motion to compel the defendants to answer these requests is granted.

The plaintiffs also request relief with respect to certain document requests 113 and 115, which relate to each of the above requests for admission that were denied in whole or in part listed under Interrogatory 35. The defendants have advanced no argument in response to the plaintiffs' request. Following the Court's holding that the defendants are to respond to Interrogatory 35, the defendants are further ordered to respond to document requests 113 and 115.

**IT IS SO ORDERED**

ENTERED: 11-6-07

UNITED STATES MAGISTRATE JUDGE